UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

ANGELICA DE LA OSSA , and all others similarly
situated under 29 U.S.C 206(B),

    Plaintiff,

v.

LA RUTA 75, LLC a Florida
Limited Liability Company,
RICARDO MARTINEZ MELO, individually

    Defendant.
_____/

## COMPLAINT

Plaintiff, Angelica De La Ossa ("De La Ossa"), on behalf of herself, and others similarly situated, under the provisions of the Fair Labor Standard Act ("FLSA") of 1938, as amended, 29 U.S.C. § 216(b), files this Complaint against Defendants La Ruta 75 LLC, a Florida Limited Liability Company, (La Ruta), and Ricardo Martinez Melo ("Martinez Melo."), individually and alleges, as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Plaintiff's federal civil and statutory rights.

2. At all material times, La Ruta, was a Florida Limited Liability Company authorized to conduct and conducting business in Miami-Dade County, Florida.

3. At all material times, La Ruta operated a restaurant business in Miami-Dade County.

4. La Ruta employed Ms. De La Ossa as a Waitress at the restaurant located in Hialeah Gardens, Florida.

5. At all material times, Martinez Melo is *sui juris* and a resident of Miami Dade County.

6. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims that occurred in this judicial district.

7. This action is brought by Plaintiff to recover from the Employer unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees pursuant to the FLSA, §§ 206, 207.

8. Upon information and belief, the annual gross revenue of La Ruta was at all times material hereto in excess of $500,000.00 per annum.

9. At all material times hereto, La Ruta was, and continues to be, an enterprise engaged in interstate commerce.

10. At all material times hereto, La Ruta operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

11. As a result of the services provided by La Ruta, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

12. By reason of the foregoing, La Ruta is and was, during all times material hereto, engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Plaintiff is within interstate commerce.

13. Plaintiff and those similarly situated employees regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce in their world.

14. Upon information and belief, Martinez Melo is an officer/director of La Ruta and has economic and day-to-day control of La Ruta, and of the nature and structure of Plaintiff's employment relationship with La Ruta, and is therefore an employer as defined by 29 U.S.C., Section 203 (d).

## GENERAL ALLEGATIONS

15. Upon information and belief, Defendants, employed Plaintiff from approximately December 2015 through April 21, 2019 ("the relevant time period").

16. During the relevant time period, Plaintiff was employed as a non-exempt Waitress earning an average of $120, plus tips, per week.

17. At all material times, La Ruta's gross annual revenues were in excess of $500,00.00.

18. Upon information and belief, Martinez Melo is an officer/director of La Ruta and has economic and day-to-day control of La Ruta, and of the nature and structure of Plaintiff's employment relationship with La Ruta, and is therefore an employer as defined by 29 U.S.C., Section 203 (d).

19. Throughout her employment with La Ruta, Plaintiff routinely worked for La Ruta on Monday through Sunday, for a total of sixty (63) hours per week, forty (40) regular hours and eight (23) hours overtime.

20. Plaintiff worked approximately 63 hours per week and was paid $120 dollars per week, or an average of $0.53 per hour.

21. Notwithstanding, La Ruta, willfully and intentionally failed/refused to pay to Plaintiff the federally required minimum and overtime rates for all hours she worked.

22. La Ruta knew of the overtime requirements of the Fair Labor Standards Act ("FLSA") and willfully/intentionally/recklessly failed to investigate whether their payroll practices were in accordance with the FLSA.

23. As a result, Plaintiff has suffered damages and is entitled to receive overtime and minimum wage compensation.

24. Plaintiff has complied with all conditions precedent to filing this action.

25. Plaintiff has retained the law offices of the undersigned attorneys to represent her in this action and is obligated to pay a reasonable attorney's fee.

**PRE-SUIT DEMAND**

26. On April 29, 2019, Plaintiff through her undersigned counsel, sent to La Ruta and Martinez Melo a written pre-suit demand regarding the violations of the overtime provisions of the FLSA, and requesting Employer pay the amounts owed to Plaintiff, but La Ruta and Martinez Melo failed/refused to do so ("Demand").

27. La Ruta communicated with undersigned counsel through their attorney requesting additional time to respond to the Demand. Instead of acting in good faith, La Ruta and Martinez Melo attempted to communicate with Ms. De La Ossa in a further attempt to avoid suit under the FLSA.

## COUNT I
## VIOLATIONS OF THE OVERTIME PROVISIONS
## OF FLSA AGAINST LA RUTA

28. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-eight (28) above.

29. This is an action against La Ruta for overtime compensation pursuant to 29 U.S.C. § 216(B).

30. Upon information and belief, La Ruta has employed and currently employs several other similarly situated employees, like Plaintiff, who have not been paid overtime for work performed in excess of forty (40) hours weekly, within three (3) years from the filing of this Complaint.

31. Plaintiff routinely worked in excess of forty (40) hours per week for La Ruta.

32. Specifically, Plaintiff estimates that she regularly worked for La Ruta Monday through Sunday, for a total of sixty (63) hours per week, forty (40) regular hours and twenty (23) hours overtime.

33. Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.

34. La Ruta knew or should have known that Plaintiff suffered or was permitted to work overtime for La Ruta as defined in 29 U.S.C. § 203 (g).

35. La Ruta failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which she was employed, contrary to the provisions of 29 U.S.C. § 207 (a).

36. At all material times, La Ruta knew or should have known that such refusal and/or failure is prohibited by the FLSA.

37. Notwithstanding, La Ruta intentionally and willfully violated the FLSA, as cited herein.

38. At all material times, La Ruta failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

39. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

**COUNT II**
**VIOLATIONS OF THE OVERTIME PROVISIONS**
**OF FLSA AGAINST MARTINEZ MELO**

40. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-eight (28) above.

41. This is a collective action against Martinez Melo for overtime compensation pursuant to 29 U.S.C. § 216(B)

42. Upon information and belief, Martinez Melo has employed and currently employs several other similarly situated employees, like Plaintiff, who have not been paid overtime for work performed in excess of forty (40) hours weekly, within three (3) years from the filing of this Complaint.

43. Plaintiff routinely worked in excess of forty (40) hours per week for Martinez Melo at La Ruta.

44. Specifically, Plaintiff estimates that she worked for Martinez Melo at La Ruta, Mondays through Sundays, for a total of sixty (63) hours per week, forty (40) regular hours and twenty (23) hours overtime.

45. Martinez Melo had operational control of La Ruta and is therefore an employer pursuant to 29 U.S.C. § 203(d).

46. Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.

47. Martinez Melo knew or should have known that Plaintiff suffered or was permitted to work overtime for La Ruta as defined by 29 U.S.C. § 203(g).

48. At all material times, Martinez Melo knew or should have known that such refusal and/or failure is prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein.

49. At all material times, Martinez Melo failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by the Plaintiff.

50. As a result, Plaintiff has been damaged and is entitled to be compensated for her loss.

## COUNT III
## MINIMUM WAGE VIOLATIONS (PROMPT PAYMENT) AGAINST LA RUTA

51. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-eight (28) above.

52. The FLSA requires that La Ruta pay Plaintiff a required minimum wage per hour; The FLSA requires that La Ruta, have a regular pay period and make reasonably prompt payments in issuing pay for the work performed in the pay period. The failure to "promptly pay" minimum wages due to Plaintiff constitutes a minimum wage violation under the FLSA. *Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir. 1985), modified 77 F.2d 265 (11th Cir. 1985); see also *Biggs v. Wilson*, 1 F.3d 1537, 1530-40 (9th Cir. 1993).

53. La Ruta knew of and showed reckless disregard for the provisions of the FLSA because La Ruta knew or should have known that Plaintiff's wages did not amount to a

lawful minimum wage considering her 63 hours worked each week.

54. La Ruta willfully and intentionally failed to pay Plaintiff and those similarly-situated employees their full minimum wages by making the conscious decision to pay Plaintiff a salary which failed to compensate Plaintiff at the applicable minimum wage. La Ruta also failed to timely pay portions of Plaintiff's last month of hourly pay and tips.

55. La Ruta did not have a reasonable objective belief that it was not required to pay Plaintiff's minimum wages.

56. As a result, Plaintiff has been damaged and is entitled to be compensated for her loss.

## COUNT III
## MINIMUM WAGE VIOLATIONS (PROMPT PAYMENT)
## AGAINST MARTINEZ MELO

57. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty eight (28) above.

58. The FLSA requires that La Ruta pay Plaintiff a required minimum wage per hour; The FLSA requires that La Ruta, have a regular pay period and make reasonably prompt payments in issuing pay for the work performed in the pay period. The failure to "promptly pay" minimum wages due to Plaintiff constitutes a minimum wage violation under the FLSA. *Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir. 1985), modified 77 F.2d 265 (11th Cir. 1985); see also *Biggs v. Wilson*, 1 F.3d 1537, 1530-40 (9th Cir. 1993).

59. Martinez Melo knew of and showed reckless disregard for the provisions of the FLSA because Martinez Melo knew or should have known that Plaintiff's wages did not amount to a lawful minimum wage considering her 63 hours worked each week.

60. Martinez Melo willfully and intentionally failed to pay Plaintiff and those similarly-situated employees their full minimum wages by making the conscious decision to pay Plaintiff

a salary which failed to compensate Plaintiff at the applicable minimum wage. Martinez Melo also failed to timely pay portions of Plaintiff's last month of hourly pay and tips.

61. Martinez Melo did not have a reasonable objective belief that it was not required to pay Plaintiff's minimum wages.

62. As a result, Plaintiff has been damaged and is entitled to be compensated for her loss.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

63. Plaintiff hereby demands a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Angelica De La Ossa, respectfully requests that judgment be entered in her favor against Defendant, La Ruta and Martinez Melo, as follows:

(a) Declaring pursuant to 29 U.S.C. § 206(a), 28 U.S.C §2201 and §2202, that the acts and practices of the Defendants complained of herein are in violation of the minimum and overtime wages provisions of the FLSA;

(b) Permanently enjoining the Defendants, their agents, officers and employees from engaging in all practices found by this court to be in violation of the minimum and overtime wages provisions of the FLSA;

(c) Awarding Plaintiff damages against Defendants, for lost and withheld compensation, minimum wages, and overtime wages compensation for all hours that she worked for Defendants over forty (40) hours per week, but for which he was not compensated at the required minimum and overtime rate;

(d) Awarding Plaintiff liquidated damages;

(e) Awarding Plaintiff reasonable attorney's fees, costs, Interest, and expenses of this litigation pursuant to 29 U.S.C. §216(b);

(f) Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this 10th day of June, 2019.

By: /s/ Henry Hernandez
Florida Bar No. 542601

Law Office of Henry Hernandez, P.A.
Attorney for Plaintiff
2655 Le Jeune Road, Suite 802
Coral Gables, Florida 33134
T.: 305.771.3374
e.: Henry@HHLAWFLORIDA.com


By: /s/ Monica Espino
Florida Bar No. 834491

Espino Law, PL
Co-Counsel for Plaintiffs
2655 S. LeJeune Road, Suite 802
Coral Gables, Florida 33134
Email:  me@espino-law.com
Tel.: 305.704.3172
Fax: 305.722.7378